IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE FAY LOCKRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4135-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tammie Fay Lockridge, appearing *pro se*, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed in all respects.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including diabetes, abscess, glaucoma, hypertension, high cholesterol, arthritis, obesity, endometrial hyperplasia, hyperglycemia, anxiety, depression, polycystic ovarian syndrome, and degenerative hip disease. After her application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 12, 2011. At the time of the hearing, Plaintiff was 52 years old. She has a General Educational Development ("GED") high school equivalency degree and has past work experience as a driver, nurse's aide, and food server. Plaintiff has not engaged in substantial gainful activity since October 1, 2002.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff suffered severe impairments of diabetes, abscess, glaucoma, hypertension, high cholesterol, arthritis, obesity, endometrial hyperplasia, hyperglycemia, anxiety, depression, polycystic ovarian syndrome, and degenerative hip disease, the ALJ concluded that the combination of impairments did not meet or equal the severity of any impairment listed in the Social Security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform heavy work with restrictions and that Plaintiff retained the ability to perform her past relevant work as a driver, nurse's aide, and server.

Plaintiff appealed that decision to the Appeals Council. The Council denied Plaintiff's request for review, and the ALJ's decision became final.

Plaintiff then filed this action in federal district court. Plaintiff appears to argue that substantial evidence does not support the ALJ's determination that she has not been under a disability, as defined by the Social Security Act, and specifically challenges his findings that (1) the record does not reflect an impairment or combination of impairments that meets or medically equals one of the impairments listed in the Social Security regulations; (2) Plaintiff's allegations of functional limitations are not fully credible; and (3) Plaintiff retains the residual functional capacity to perform her past relevant work as a driver, nurse's aide, or server.

The Court determines that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.  The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.      The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.      The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007)

("In evaluating a disability claim, the Commissioner conducts a five-step sequential

analysis to determine whether (1) the claimant is presently working; (2) the claimant

has a severe impairment; (3) the impairment meets or equals an impairment listed in

appendix 1 of the social security regulations; (4) the impairment prevents the claimant

from doing past relevant work; and (5) the impairment prevents the claimant from

doing any other substantial gainful activity."). The claimant bears the initial burden

of establishing a disability through the first four steps of the analysis; on the fifth, the

burden shifts to the Commissioner to show that there is other substantial work in the

national economy that the claimant can perform. See Audler, 501 F.3d at 448. A finding

that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Judicial Review of Section 405(g) Appeals Brought by *Pro Se* Plaintiffs**

That Plaintiff is *pro se* in her appeal of the ALJ's decision imposes an additional layer of consideration for the Court. As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). More often than not, *pro se* litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation. Courts must construe *pro se* pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the Court follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* However, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the Court elects to examine the

decision to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.* In following this approach, the Court will engage in three critical inquiries:

> 1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?
>
> 2. Were the Commissioner's critical fact findings made in compliance with applicable law?
>
> 3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

## Analysis

In his decision, the ALJ found that Plaintiff had not been under a disability within the meaning of the Social Security Act since October 1, 2002, the date that she alleged that she became disabled. *See* Dkt. No. 15-2 at 26 & 42. In making this determination, the ALJ conducted an extensive analysis of the law and evidence before him, including numerous medical records from April 2009 through December 2010. *See id.* at 27-42.

The ALJ generally found that the medical records established that Plaintiff suffered from one or more serious impairments under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) and the applicable Social Security regulations, but the ALJ found that

the impairments could not reasonably be expected to produce the symptoms to the degree claimed by Plaintiff. *See id.* at 27-30. That is, he adopted the Physical Residual Functional Capacity Assessment of the Medical Consultant, Dr. Scott Spoor, who found that the degree of limitation alleged by Plaintiff was outside the range of medical reasonableness and that the "alleged limitations due to physical impairment [are] not fully supported by [the evidence of record]." *Id.* at 31; *see also* Dkt. No. 15-8 at 45. The ALJ found that Plaintiff's allegations of functional limitation are not fully credible, in part due to her failure to pursue available vocational services. *See* Dkt. No. 15-2 at 32-40. Finally, the ALJ explained that the medical records supporting Plaintiff's application did not identify an impairment or combination of impairments reasonably capable of producing the degree of symptoms and limitations alleged by Plaintiff, *see id.* at 40-41, and did not preclude her from performing her past relevant work as a driver, nurse's aide, and server, *see id.* at 41-42.

In light of Plaintiff's *pro se* status and lack of extensive briefing, the Court examined the evidence submitted by Plaintiff and the ALJ's decision as experienced counsel would in order to determine whether the finding of no disability was supported by substantial evidence or was erroneous in any manner.

<u>Plaintiff's new evidence does not affect the ALJ's decision.</u>

Some of Plaintiff's arguments and records submitted relate to a report from the Texas Department of Assistive Rehabilitation Services dated January 11, 2012 and medical records from ABC Behavioral Health dated between February 8, 2012 and March 15, 2012. Some, if not all, of these documents appear to have been submitted to the Appeals Council, *see* Dkt. No. 15-2 at 3, but the Appeals Council found the

information did not provide a basis for altering the ALJ's decision, *see id.* Plaintiff also appears to urge that certain medical records, including documents from Methodist Hospital of Memphis, Tennessee, have been omitted, but she does not explain what these records contain or would prove. *See* Dkt. No. 48 at 3-5.

It is not clear from Plaintiff's submission whether she is arguing that the Appeals Council failed to consider new and material evidence of her disability or that the case should be remanded for consideration of new evidence. As experienced counsel would do, the Court will examine both arguments.

Under Fifth Circuit precedent, "evidence submitted for the first time to the Appeals Council is part of the record on appeal." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Therefore, when a claimant such as Plaintiff submits new evidence and the Appeals Council denies review after considering the evidence, "the Commissioner's final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Id.* at 336 (internal quotation marks and citations omitted). The Appeals Council is not required to provide a detailed analysis of, or otherwise explain the weight to be given to, new evidence. *See id.* at 335 n.1. Remand is warranted only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *See Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006).

The Court does not find that the new evidence meets this standard. As the Appeals Council explained, the new documents presented are not from the relevant time frame nor do they discuss or relate back to the relevant time frame. *See* Dkt. No. 15-2 at 3 ("The Administrative Law Judge decided your case through May 10, 2011.

This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 10, 2011.").

To the extent that Plaintiff contends that the case should be remanded due to the discovery of new evidence, including records from Methodist Hospital of Memphis, Tennessee, the Court is not persuaded. The Court's review of social security appeals is "wholly appellate," and the consideration of new evidence in the first instance is prohibited. *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987) (citing *Bradley v. Bowen*, 809 F.2d 1054 (5th Cir. 1987)). Upon the discovery of new evidence, 42 U.S.C. § 405(g) authorizes district courts to remand a case back to the Commissioner for further proceedings, if a plaintiff makes an appropriate showing that such a measure is warranted:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g). The United States Court of Appeals for the Fifth Circuit has explained that "evidence, not in existence at the time of the administrative ... proceedings, meets the 'new' requirement for remand" pursuant to sentence six of § 405(g). *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). A court may remand the case so long as the new evidence is material and good cause has been shown for why the evidence was not submitted into the record in prior proceedings. *See Taylor ex rel. I.C.T. v. Comm'r*, No. 3:11-cv-1015-K-BF, 2012 WL 2794972, at *6 (N.D. Tex June 8, 2012), *rec. adopted*, 2012 WL 2829457 (N.D. Tex. July 9, 2012). To be material, "there must be a reasonable possibility that the new evidence would have changed the

outcome of the determination." *Id.* (citing *Bradley*, 809 F.2d at 1058) (additional citations omitted); *see also Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). "Implicit in the materiality requirement ... 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985) (quoting *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)). Evidence acquired after a decision to deny benefits is not automatically irrelevant – such evidence may be used to determine the severity of a condition as it previously existed or to identify the onset date of slowly progressive impairments. *See Sadler v. Colvin*, No. 4:12-cv-447-Y, 2013 WL 5314033, at *8 (N.D. Tex. Sept. 20, 2013). But the evidence must relate to the relevant time period for which benefits were denied to be considered for those purposes. *See id.* In addition to demonstrating that the evidence is material, a claimant must also demonstrate good cause by providing a proper explanation concerning why the new evidence was not submitted earlier. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) (citation omitted).

Here, Plaintiff offered no explanation as to why this new evidence is material. And, as the Appellate Council pointed out, none of Plaintiff's submissions are from the relevant time frame. *See* Dkt. No. 15-2 at 3. The relevant time frame is from the alleged onset date – October 1, 2002 – through the date of the ALJ's decision – May 10, 2011. Plaintiff's new submissions all appear to contain records from after the relevant time frame. A review of the records does not indicate that they relate to Plaintiff's

condition as it existed before the date of the ALJ's decision. Thus, the most that these records demonstrate is a decline or worsening in Plaintiff's condition, which is evidence of a later-acquired disability or a subsequent deterioration of a nondisabling condition and is not material. *See Johnson*, 767 F.2d at 183.

Moreover, the ALJ properly applied the *Stone* standard and concluded that Plaintiff <u>did</u> suffer from the severe impairments alleged; his denial of Social Security benefits was pursuant to the ALJ's findings – based upon the medical records and his credibility determinations – that the evidence did not establish that the impairments caused limitations that would prevent Plaintiff from engaging in substantial gainful activity. *See* Dkt. No. 15-2 at 32-42. Plaintiff does not identify anything from these additional materials that undermines that determination.

Accordingly, the Court will not consider these records in determining whether the ALJ's decision is supported by substantial evidence and will not reverse and remand the case based the information contained within these records.

<u>The ALJ Properly Applied the Law and Facts.</u>

The Court first reviews this *pro se* appeal to determine whether the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings, and whether the Commissioner's critical fact findings were made in compliance with applicable law. *See Thomas v. Colvin*, No. 3:12-cv-4415-P-BN, 2013 WL 6869652, at *4 (N.D. Tex. Dec. 30, 2013).

The record reflects that the ALJ conducted an extensive review of the law and facts applicable to Plaintiff's disability claim during the five-step sequential evaluation

process. *See* Dkt. No. 15-2 at 25-43. He found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2012 and has not engaged in substantial gainful activity since October 1, 2002. *See id.* at 26. The ALJ then found that Plaintiff's combination of impairments was severe under the correct standard, *see Stone,* 752 F.2d at 1101, citing extensively from the medical evidence presented in the record, *see* Dkt. No. 15-2 at 27-29. In finding that Plaintiff's impairments are not severe enough to meet the criteria of a listing under Step 3 of the sequential evaluation, the ALJ supported his determination with a discussion of the relevant evidence. *See Audler,* 501 F.3d at 448-49. That is, he explained that the medical opinions and other evidence of record did not establish that Plaintiff's symptoms were sufficiently severe to meet or medically equal one of the impairments listed in the Social Security regulations. *See* Dkt. No. 15-2 at 29-42. He made this finding in large part due to his determination that Plaintiff's allegations of functional limitation were not fully credible. *See id.* at 32-41. An ALJ's findings "regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference." *Haywood,* 888 F.2d at 1470 (internal quotation and citation omitted).

Based on these findings, the ALJ found that Plaintiff's impairments did not prevent her from performing some of her past relevant work. *See* Dkt. No. 15-2 at 42. Therefore, the ALJ was not required to consult with a Vocational Expert to determine whether Plaintiff had the residual functional capacity to perform other work that exists in significant numbers in the regional or national economy. *See Yarbrough v. Shalala,* 15 F.3d 180 (table), 1994 WL 24895, at *3 n.6 (5th Cir. 1995); *see also Harper v. Sullivan,* 887 F.2d 92, 97 (5th Cir. 1989). That is, because the ALJ found that Plaintiff

could perform her past relevant work, it was not necessary to consider Step 5 of the sequential evaluation process. *See, e.g., Crouchet v. Sullivan,* 885 F.2d 202, 206 (5th Cir. 1989) (finding that the claimant is not disabled, at any point in the sequential inquiry, terminates the inquiry).

The Court has reviewed the ALJ's decision and the medical records submitted. Based on this review, the Court concludes that the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings, and that the Commissioner's critical fact findings were made in compliance with applicable law. *See Thomas,* 2013 WL 6869652, at *4.

Substantial Evidence Supports the ALJ's Finding of No Disability.

The Court's final inquiry is whether substantial evidence supports the ALJ's findings.

The ALJ first reviewed all of the records and determined that the medical opinions and other evidence did not support a finding that Plaintiff's impairments meet or equal any impairment in the Social Security regulations and that she retains the residual functioning capacity to perform past relevant work. *See* Dkt. No. 15-2 at 29-42. Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported his decision. *See Simeon ex rel. D.M.B. v. Astrue*, No. A-09-CA-756-LY, 2010 WL 2160834, at *4 (W.D. Tex. May 25, 2010) (citing *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)). Here, credible evidence to that effect exists, as detailed above, and, as such, the decision will not be reversed on these grounds.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993); 20 C.F.R. § 404.1527(d)(2). A treating source is a claimant's "physician, psychologist, or other acceptable medical source" who provides or has provided a claimant with medical treatment or evaluation and who has or has had an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1502. A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).

In this case, there was no treating physician's opinion concerning whether Plaintiff's medical conditions limited or impaired her ability to engage in work related activities. Other than Dr. Spoor, who served as the Medical Consultant, the only doctors mentioned in the administrative record are those who treated Plaintiff when she presented with particular medical issues, particularly at an emergency room or hospital. But the evidence does not include any indication that any one other than the medical consultant rendered an opinion that could be construed as commenting on Plaintiff's ability to work. They simply diagnosed her medical conditions and discharged her with instructions regarding treatment and follow-up care. Accordingly, the ALJ did not err because there was no treating or examining source's opinion to

consider, much less to reject. *See Walker v. Astrue*, No. 7:11-cv-131-O-BN, 2013 WL 796770, at *7 (N.D. Tex. Feb. 4, 2013), *rec. adopted*, 2013 WL 818779 (N.D. Tex. Mar. 5, 2013); *see also Gonzales-Sargent v. Barnhart,* No. SA-06-CA-355-XR, 2007 WL 1752057, at *8 (W.D. Tex. June 15, 2007) ("Since there was no rejection of a treating physician's opinion, the ALJ was required to explain in her decision the weight given to the opinions of the state agency medical consultants and the medical expert.").

The ALJ is not bound by the state agency physician's opinions, but he may not ignore them and must explain in his decision the weight given to those opinions. *See* SSR 96-6p, 1996 WL 374180, at *2 (S.S.A. July 2, 1996); *Helbing v. Astrue*, No. 4:11-cv-704-Y, 2012 WL 6719469, at *12 (N.D. Tex. Oct. 29, 2012), *rec. adopted*, 2012 WL 6709666 (N.D. Tex. Dec. 27, 2012). Here, the ALJ explained that Dr. Spoor rated Plaintiff's impairments as "non-severe." *See* Dkt. No. 15-2 at 28. He observed that Dr. Spoor "found the degree of limitation *alleged by the claimant* to be outside the range of medical reasonableness, predicting ... that the claimant could perform a level of all work, as set forth in the summary of evidence," *id.* at 31 (emphasis in original), and "indicated that 'alleged limitations due to physical impairment [are] not fully supported by EOR,'" *id.* While thoroughly reviewing contrary evidence due to the "intensity of the symptoms described by the claimant," the ALJ eventually agreed with Dr. Spoor's conclusion "that the claimant possessed the residual functional capacity for competitive employment." *Id.* at 31-42.

A thorough review of the record confirms that substantial evidence supported the ALJ's findings. Although the record is replete with medical evidence to establish the numerous impairments suffered by Plaintiff, it does not reflect that Plaintiff has

the exertional, postural, or manipulative limitations that would prevent her from performing her past relevant work. That is so even if she is prevented by Department of Transportation regulations from serving as a driver due to her diabetes. *See, e.g.*, *Leggett v. Chater,* 67 F.3d 558, 564-65 (5th Cir. 1995) ("The mere inability of a claimant to perform certain requirements of his past job does not mean that he is unable to perform past relevant work as that phrase is used in the regulations; rather, the Commissioner may also consider the description of the claimant's past work as such work is generally performed in the national economy.").

### Conclusion

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: March 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE